LISA BECK <u>et al.</u>                    *

                                          *

                                          *

v.                                        *        Civil Action WMN-10-2765

                                          *

UNITED STATES OF AMERICA <u>et al.</u>    *

                                          *

                                          *

  * * * * * * * * * * * * * * * * * * * * * * * * * * * * *


<u>**MEMORANDUM**</u>

Before the Court is a motion to dismiss filed by the Government.  ECF No. 9.  The motion is fully briefed.  Upon review of the pleadings and the applicable case law, the Court determines that no hearing is necessary, Local Rule 105.6, and that the motion will be denied.

This action arises from the seizure by the United States Secret Service of several financial accounts in which Plaintiffs claim an interest.  In their Complaint, Plaintiffs assert that, while they complied with all of the administrative requirements to challenge this seizure, the Secret Service, in violation of their constitutional rights, has refused to return the funds.

In a typical civil forfeiture, an individual wishing to contest the seizure of his or her property files a claim with the Government in response to the Government's notice of forfeiture.  The Government's notice sets the deadline for filing a claim for seized property, subject to the restriction

that the deadline may not be "earlier than 35 days after the date the letter is mailed." 18 U.S.C. § 983(a)(2)(B). In addition to meeting the deadline set in the Government's notice, a claim for property must "identify the specific property being claimed, state the claimant's interest in such property, and be made under oath, subject to penalty of perjury." 18 U.S.C. § 983(a)(2)(C).

The civil forfeiture statute further requires that, "not later than 90 days after a claim has been filed, the Government shall file a complaint for forfeiture." 18 U.S.C. § 983(a)(3)(A). If the Government does not file a complaint following receipt of a timely claim, "the Government shall promptly release the property pursuant to regulations promulgated by the Attorney General, and may not take any further action to effect the civil forfeiture of such property in connection with the underlying offense." 18 U.S.C. § 983(a)(3)(B).

As the Government notes repeatedly in its pleadings, the facts related to the seizure at issue in this action are undisputed. In the fall of 2009, the Government seized four financial accounts valued collectively at $386,608.50. John Beck held an interest in three of these accounts, and his wife, Lisa Beck, was the named account holder on the fourth. Mr. Beck died shortly after the seizure of the accounts, and his will

named Mrs. Beck as personal representative and primary beneficiary and their son Zachary as another potential beneficiary. [2]

Following the seizure, the Government sent notices of forfeiture for each account to Mrs. Beck on October 29, 2009. These notices informed Mrs. Beck that if she wished to contest the forfeiture she must "file a Claim of Ownership with the U.S. Secret Service by December 3, 2009." It further required that "[a]ll documents should be submitted to the following address via FedEx, DHL, UPS, Airborne etc," listing the address as "Communications Center – AFB, 245 Murray Lane, S.W., Building #T-5, Washington, DC 20223." Def's Ex. A. Plaintiffs sent claims to that address via FedEx on December 1, 2009. It is undisputed that the claims were received at the Murray Lane address at 9:54 a.m. on December 3, 2009, as evidenced by the FedEx tracking report. For reasons that are not clear from the record, however, the Secret Services's Asset Forfeiture Division did not receive the claims until December 4, 2009.

According to 18 U.S.C. § 983(a)(3)(B), the Government was required to respond to a timely claim by filing a complaint for

---

[2] The Government alleges that Mr. Beck embezzled the seized funds from FedEx, his former employer. Plaintiffs counter that Mrs. Beck contributed funds to at least one of the accounts and, regardless, that the merits of the forfeiture have no relevance to this matter. The Court agrees with Plaintiffs that the merits of the forfeiture are not relevant to the instant motion.

forfeiture within ninety days of its receipt.  After failing to receive such a complaint, counsel for Plaintiffs sent a letter on May 11, 2010, requesting return of the property according to the statutory scheme.  The Government responded on May 20, 2010, notifying Plaintiffs, for the first time, that it had deemed their claim to be untimely and therefore was treating their claim as a petition for remission or mitigation.[3]  The Government denied the "petition for remission" on September 2, 2010, and Plaintiffs requested reconsideration of that decision, again asserting the timeliness of their initial claim of December 1, 2009.  That reconsideration is still pending, and the government has given no indication of how long a decision may take.

On October 6, 2010, Zachary and Mrs. Beck initiated these proceedings by filing a complaint alleging violations of the Fourth and Fifth Amendments of the United States Constitution and seeking judicial review of the Secret Services's actions under the judicial review provisions of the Administrative Procedure Act (APA), 5 U.S.C. § 702.  They seek the return of the seized accounts.  The Government has moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(1) for

---

[3] The Government asserts that, under 19 U.S.C. § 1618, an agency can consider a petition for remission or mitigation of a forfeiture and may release some or all of the forfeited property to the petitioner if the petition is granted.

lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim.

The Government's primary argument is that 18 U.S.C. § 983(e) provides the exclusive remedy for any claimant wishing to contest the seizure of property in a civil forfeiture action and that Plaintiffs cannot state a cause of action under § 983(e). Section 983(e)(1) states that "any person entitled to written notice in any nonjudicial civil forfeiture proceeding under a civil forfeiture statute who does not receive such notice may file a motion to set aside a declaration of forfeiture with respect to that person's interest in the property." 18 U.S.C. § 983(e)(1) (emphasis added). Section 983(e)(5) provides that "a motion filed under this subsection shall be the exclusive remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture statute." The government relies on this exclusivity provision to argue that the Court has no jurisdiction to hear Plaintiffs' claims.

In a closely related argument, the Government contends that the exclusivity provisions of § 983(e) prevent Plaintiffs from seeking judicial review of the Secret Services' action under the APA. The APA grants jurisdiction to hear a complaint from any person "suffering legal wrong because of agency action," 5 U.S.C. § 702, but that statute does not confer "authority to grant relief if any other statute that grants consent to suit

5

expressly or impliedly <u>forbids the relief which is sought</u>." <u>Id</u>. (emphasis added). The government argues that the jurisdictional bar in § 983(e)(5) is such a statute that "forbids the relief which is sought," and thus the Court has no jurisdiction to hear a claim under § 702.

In its motion, the Government correctly characterizes § 983(e)(5) as setting out the "specific procedures [] established for persons wishing to set aside a declaration of forfeiture <u>on grounds of improper notice</u>." Gov.'s Mot. at 7 (emphasis added). Plaintiffs, however, are not asserting improper notice. Instead, they assert that, after receiving proper notice, they filed a timely claim which the agency has mischaracterized as untimely. Thus, under the Government's own characterization of the exclusivity provision of § 983, that provision is not applicable to Plaintiffs' claim. For the same reason, § 983 does not provide a bar to Plaintiff's claim for relief under the APA.[5] The Court concludes that it has jurisdiction under the APA.

In addition to jurisdiction under the APA, this Court also has jurisdiction to consider Plaintiffs' "constitutionally-derived equitable challenge to the administrative forfeiture . .

---

[5] The Government also makes the unremarkable observation that the Complaint fails to state a claim under § 983(e) because Plaintiffs do not allege that they did not receive notice. Mot. at 10-12. Plaintiffs obviously never contended that they could state a claim under § 983(e).

. under the provisions for general federal question jurisdiction." <u>United States v. Minor</u>, 228 F.3d 352, 356 (4th Cir. 2000) (citing 28 U.S.C. §§ 1291, 1331).  As the Fourth Circuit has noted, "[a]dministrative forfeitures empower the government to take ownership of property without resort to any judicial proceeding whatsoever, placing due process rights at particular risk."  <u>Id.</u> at 359.  Here, the Government's decision to press forward with administrative forfeiture proceedings despite Plaintiffs' invocation of their right to a judicial determination is particularly offensive to due process.

In arguing otherwise, the Government reasons,

> there is no dispute that the plaintiffs received adequate notice of the administrative proceedings.  There also is no dispute that the administrative forfeiture proceedings were conducted. Therefore, because there was adequate notice <u>and an opportunity to be heard</u>, there could be no failure of due process.  The plaintiffs simply failed to take adequate steps to respond to the notice that they received, and failed to respond in a manner that would have allowed them to take advantage of the proceedings that were held. That is not a Due Process problem.

Reply at 8 (emphasis added).  But if, as Plaintiffs claim, Plaintiffs did take adequate steps to respond to the notice that they received and yet the Government proceeded as though they had not, they were not provided the opportunity to be heard.

The Court must therefore turn to the question of whether Plaintiffs did adequately respond and whether the filing of their claim was timely. The Court concludes that, without question, Plaintiffs' claim was timely filed with the Secret Service.

The uncontested facts demonstrate that Plaintiff did exactly what they were instructed to do in the notice issued by the Secret Service. The notice told them to submit their claim of ownership, via FedEx, DHL, UPS, or Airborne to a specific address by a specific date. They sent their claim to that address via FedEx and it is uncontested that it arrived at that address on the date specified in the notice.

Ignoring the content of its own notice, the Government argues that statutory language in § 983(a)(2)(A) providing that a claimant "may file a claim with the appropriate official," amounts to a requirement that, in order to be considered filed, a claim must come into the possession of a specific individual. The Government makes this argument despite the undisputed fact that neither in its notice nor by any other means did the Government inform Plaintiffs who the "appropriate official" might be. The Court finds this argument seriously misplaced.

First, the "appropriate official" language exists only in the permissive section of the statute. It does not exist in § 983(a)(2)(C), setting forth the requirements for a claim. More

significantly, a requirement that filing occurs only when a claim reaches "the appropriate official" would wrest from claimants all control over timely filing, as they could only hope that whatever mailroom procedures the agency has in place would get their claim to the right person by the deadline.

The lack of merit in the Government's position is highlighted by the argument that it was forced to make in support of its position – an argument that ends with the remarkable suggestion that "the content of the notice is irrelevant."  Reply at 11.  The Government reasons:

> The plaintiffs complain that the notice that they received did not identify any particular official who had to receive the claim for it to be properly filed.  They do not explain, however, what difference such information would have made to them if they had received it.  They do not even suggest that they would have sent the package a day earlier if only they had a person's name to add to the envelope; such a claim would be silly because they could have sent the envelope a day earlier with or without a person's name.  Indeed, it appears that the plaintiffs had legal advice before the filing of the claims, and the requirement that the claims be filed "with the appropriate official" is clearly set forth in the applicable statute.  So, the plaintiffs must have known all along that the claim had to be filed "with the appropriate official."  Consequently, the content of the notice is irrelevant.

Id.

The flaws in the Government's argument are almost too obvious to mention. First, the "difference such information would have made" had the Secret Service actually informed Plaintiffs where the claim was to be sent is that they could have then addressed the claim to that person. Presumably, if the Secret Services' notice instructed claimants to send claims via FedEx to a particular individual, the Secret Service would have facilitated the delivery to and acknowledgment of receipt by that individual. Second, the Government's contention that the Plaintiff's argument is "silly because they could have sent the envelope a day earlier" ignores the fact that Plaintiffs would have no way of anticipating that it would take one day, or three days, or five days for the claim to go from the address the Secret Service included on its notice to whatever unnamed person the agency had actually designated as the "appropriate official." Finally, the Government's position –
that "the content of the notice is irrelevant" because it "appears" that Plaintiffs were represented by counsel who could have looked up a statute, not mentioned in the notice, that would have pointed him to the requirement that the claims must be delivered, not to the address on the notice, but to "the appropriate official" – strains credulity.[7] Apparently, the

---

[7] The Government does not explain how counsel would have determined exactly who the "appropriate official" might be.

Government believes it can put whatever address it likes on the notice and just leave it to the claimant to retain counsel who would somehow find the proper addressee.

The Court finds Plaintiffs claim timely for the purposes of § 983. Accordingly, the Court will deny the Government's motion.[8]

Because Plaintiffs filed a timely claim, the Government was required to file a complaint within ninety days of its receipt on December 3, 2009. 18 U.S.C. § 983(a)(3)(A). Two years after the original deadline, the Government has still not filed a complaint for forfeiture. In a footnote on the last page of its reply brief, the Government suggests that, should the Court conclude that Plaintiffs' claim was timely, the Government's ninety-day time limitations period should be equitably tolled. Reply at 13 n.2.

_____

[8] Relying on Ibarra v. United States, 120 F.3d 472 (4th Cir. 1997), the Government also argues that, because it has initiated administrative forfeiture proceedings, this Court is divested of jurisdiction to hear a matter concerning the property. Mot. at 6. The Fourth Circuit held in Ibarra that "once the Government initiates [administrative] forfeiture proceedings, the district court . . . remains without jurisdiction during the pendency of the proceeding unless the claimant timely files a claim." 120 F.3d at 475-76 (emphasis added). The government cannot ignore a timely claim, continue with administrative proceedings and then use that proceeding to indefinitely keep plaintiffs from challenging the forfeiture of their property in the district court.

Equitable tolling here requires the Court to weigh the prejudice caused to Plaintiffs by tolling the deadline against the prejudice caused to the Government by requiring strict construction of § 983. See United States v. $39,480.00 in United States Currency, 190 F. Supp. 2d 929, 933 (W.D. Tex. 2002). While the significant delay may prejudice Plaintiffs, tolling the deadline would still afford them the opportunity to dispute the merits of the seizure after the Government files its complaint. Requiring the return of the property would severely prejudice the Government, who could then take no further action regarding the financial accounts. 18 U.S.C. § 983(a)(3)(B). The Court notes that there is a "strong preference for resolving disputes on the merits when possible, instead of determining the outcome solely on technical or procedural grounds." $39,480.00, 190 F. Supp. 2d at 933. The Court must also consider whether the Government acted in good faith in rejecting Plaintiffs' claim as untimely.[10] See United States v. $ 34,929.00 in United States Currency, Civ. No. 9-734, 2010 WL 481250 at *3 (S.D. Ohio Feb. 5, 2010).

The Court is aware that Plaintiffs have not had the opportunity to address the issue. Accordingly, the Court will

---

[10] The Court looks to the Secret Services' good faith in its initial decision to find the Plaintiffs' claims untimely, not to the Governments' good faith in making the instant motion, which might be a closer question.

grant Plaintiffs 20 days in which to address the Government's
entitlement to equitable tolling, or lack thereof, should they
choose to do so.  If the Plaintiffs submit such a filing, the
Government shall have 15 days in which to respond.  A separate
order will issue.


_____/s/_____
William M. Nickerson
Senior United States District Judge


Dated: March 10, 2011